1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

| THERESA JEANETTA RAMANIRAHAMN, | 2:10-CV-1459 JCM (PAL) |
| Plaintiff, | |
| v. | |
| FEDERAL BANKRUPTCY COURT OF NEVADA, et al., | |
| Defendants. | |

14
15

**ORDER**

16   Presently before the court is the moving defendant's motion to dismiss complaint. (Doc. #

17   11). Plaintiff Ramanirahamn filed three documents that collectively represent her opposition: (1) an

18   initial response, (2) a "statement of shock," and (3) an amended response. (Docs. # 19, 20, 21). The

19   defendants filed a reply in support of the motion. (Doc. # 25).

20   Pro se litigants are held to a less stringent pleading standard than attorneys. *Haines v. Kerner*,

21   404 U.S. 519, 520 (1972). However, all complaints must set forth enough facts to state a claim that

22   is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court evaluates

23   the pleading according to Federal Rule of Civil Procedure 8, which requires a short and plain

24   statement showing that the pleader is entitled to the relief sought.

25   To comply with Rule 8, a complaint must clearly and concisely state which defendants are

26   liable for which wrongs based on which facts.   *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th

27   Cir.1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material.

28

**James C. Mahan**
**U.S. District Judge**

1 *Id.* It is the plaintiff's duty to ensure the complaint is coherent, logical, and well-organized. *Hearns*

2 *v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008).

3   The plaintiff has failed to meet her duty to ensure that her complaint is coherent, logical, and

4 well-organized, and it should therefore be dismissed. The plaintiff has filed a pleading filled with

5 conspiracies, poor grammar, and a montage of stories that are conclusory and vacuous. For example,

6 the plaintiff writes: "I take it now that the Las Vegas United States attorney office in Las Vegas,

7 condone sex crimes, profiting off victims, racial profiling and hate crimes committed on children

8 who are Iranian, my child with a Muslim Iranian father." (Doc. # 20). This mix of poor grammar and

9 conclusory allegations runs rampant within her 94 page complaint. Not only has the plaintiff failed

10 to provide even a scintilla of evidence to meet the pleading requirements under Rule 8, she has

11 attempted to link the moving defendants with a voluminous smattering of what appears to be every

12 conceivable human rights violation.

13   Federal Rule of Civil Procedure 54(b) provides that when "multiple parties are involved, the

14 court may direct entry of final judgment as to one or more, but fewer than all, claims or parties, only

15 if the court expressly determines that there is no just reason for delay.

16   The moving defendants are similarly situated with the remaining defendants. The plaintiff's

17 failure to meet the pleading requirement under Rule 8 applies to her claims against the remaining

18 defendants as they are to the moving defendants. The complaint is therefore also dismissed to the

19 remaining defendants.

20   Accordingly,

21   IT IS HEREBY ORDERED ADJUDGED AND DECREED that the moving defendants'

22 motion to dismiss (doc. #11) be, and hereby is, GRANTED.

23   IT IS FURTHER ORDERED that the case of *Ramanirahamn v. Fed. Bank. Ct. of Nev, et.*

24 *al.* (2:10-cv-01459-JCM-GWF) be DISMISSED in its entirety.

25   DATED March 21, 2011.

26

27     _____

28     **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**