**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THERESA JEANETTA RAMANIRAHAMN,

        Plaintiff,

v.

FEDERAL BANKRUPTCY COURT OF NEVADA, et al.,

        Defendants.

2:10-CV-1459 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Theressa Jeanatta Zissa Ramanirahmani's motion for reconsideration. (Doc. #29). Defendants filed an opposition (doc. #30), and plaintiff filed a reply and a "motion to objection [sic]" (doc. #31).

On March 21, 2011, this court entered an order dismissing plaintiff's complaint (doc. #27) pursuant to Federal Rule of Civil Procedure 8. Specifically, the court held that "[t]he plaintiff has failed to meet her duty to ensure that her complaint is coherent, logical, and well-organized, and should therefore be dismissed" as to all defendants. *See Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008). (Doc. #27). In the present motion to reconsider (doc. #29), the plaintiff asserts that the court should reconsider and/or alter or amend the judgment entered against her for several reasons, none of which warrant granting the motion.

"'Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

**James C. Mahan**
**U.S. District Judge**

1  committed clear error, or if there is an intervening change in the controlling law.'" *Baker v.*
2  *United States*, No. CV-S-01-1187-RLH, 2002 WL 32076007, at *1 (D. Nev. Aug. 23, 2002)
3  (quoting 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also*
4  *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); Fed. R. Civ. P.
5  59(e). Pursuant to Fed. R. Civ. P. 60, a court may relieve a party from final judgment if there is a
6  showing of (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence,
7  (3) fraud, (4) the final judgment is void, (5) the judgement has been satisfied, or (6) any other reason
8  justifying relief form the judgment.

9        Plaintiff cites rule 60[1] in her motion, yet fails to articulate to the court how any of the factors
10 in it or in rule 59(e) are satisfied. Instead, the plaintiff accuses the court of having a "secret hearing"
11 on March 21, 2011, references a motion for summary judgment allegedly filed by defendants *prior*
12 to the filing of the complaint in this case, and attempts to provide a factual basis for the presiding
13 judge to recuse himself. (Doc. #29). Contrary to plaintiff's contention, the court did not hold a
14 hearing on the motion to dismiss (doc. #11), and merely entered an order granting the motion (doc.
15 #27) on March 21, 2011. Further, there has never been a motion for summary judgment filed in this
16 case, and plaintiff should be well aware of this fact, as her complaint was filed a month *after* the
17 alleged motion for summary judgment was filed.

18       Additionally, it appears that plaintiff's accusations against the presiding judge are purportedly
19 founded upon the belief that the judge "has now protected U.S. Magistrate Judge Lawrence Leavitt,
20 federal employee Trustee 13 Kathleen Leavitt, in-law...[f]or the sole purpose in protecting a
21 convicted sex offender hiding in bankruptcy from a fair trial in order to racket profiteering in
22 shareholders scheme protections "assured protections threw [sic] corruption" from
23 their past employee position." (Doc. #29).  Further, plaintiff contends that the judge should
24 disqualify himself because of the "religious organization he did not disclose upon sitting on this

---

[1] Plaintiff also cites to rules 2-534, 2-535(a) and (b) to support her motion. However, there are no such rules in the Federal Rules of Civil Procedure or the Local Rules, and the court in unaware of what the plaintiff is relying on or where she found the rules.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  case[;] "bishop Catholic Church of Las Vegas."'" *Id.* Not only is the court unable to ascertain what
2  plaintiff is referring to, but she fails to establish any legal or factual basis for recusal.[2]

3  In plaintiff's reply in support of her motion (doc. #31), she does not provide the court with
4  any legal grounds for reconsideration, but continues to refer to summary judgment proceedings in
5  another case and to incoherently accuse the defendants of "sex crimes [and] human rights abuses...to
6  women/children and minorities." Additionally, for reasons not apparent to the court, she repeatedly
7  defines the term "gripes" as "having sharp pain in bowels and to oppress...{[t]hat is what happened
8  [sic] abusive men laughing}."

9  Absent a showing that the court "is presented with newly discovered evidence,
10 committed clear error, or [that] there is an intervening change in the controlling law," the court is
11 not inclined to grant the motion to reconsider. Moreover, plaintiff's failure to demonstrate "(1)
12 mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence, (3) fraud, (4)
13 the final judgment is void, (5) the judgement has been satisfied, or (6) any other reason justifying
14 relief form the judgment," warrants denying the plaintiff's request for relief from the court's order
15 (doc. #27).

16  Accordingly,

17  IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Theressa
18 Jeanatta Zissa Ramanirahmani's motion for reconsideration (doc. #29) be, and the same hereby is,
19 DENIED.

20  DATED June 22, 2011.

22  _____
    UNITED STATES DISTRICT JUDGE

---

[2] In the absence of a legitimate reason to recuse himself or herself, a judge should participate in the cases that are assigned to him or her. *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

**James C. Mahan**
**U.S. District Judge**